**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DAVID THOMAS** **PLAINTIFF**
**ADC #144052**

**V.** **NO. 4:25-cv-00546-BSM-ERE**

**TASHAYLA DUNLAP** **DEFENDANT**

# ORDER

Defendant Dunlap has moved for the Court impose sanctions on plaintiff David Thomas based on his alleged attachment of a fraudulent affidavit to his original complaint. *Doc. 49*. Mr. Thomas, through counsel, has responded to Defendant Dunlap's motion, asserting that Defendant Dunlap's motion should be denied because he failed to comply with the procedural requirements of Rule 11.[1] *Doc. 52*. I agree.

The request for sanctions is procedurally deficient. Party-initiated motions for sanctions under Rule 11 must comply with the Rule's "safe harbor" provisions. Rule 11(c)(2) requires that the party against whom sanctions are sought receive twenty-one days to withdraw or correct the challenged paper without adverse consequences. The Advisory Committee Notes explain:

> The rule provides that requests for sanctions must be made as a separate motion, *i.e.,* not simply included as an additional prayer for relief

[1] In the alternative, Mr. Thomas requests that the Court schedule an evidentiary hearing to resolve this dispute.

> contained in another motion. The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. . . .
>
> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the [Rule] provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.

FED. R. CIV. P. 11, Advisory Committee Notes (1993 Amendments). Because Mr. Thomas did not receive an opportunity to withdraw the challenged affidavit before Ms. Dunlap file her motion, the motion must be denied.

IT IS THEREFORE ORDERED THAT Defendant Dunlap's motion for sanctions (*Doc. 49*) is DENIED.

DATED 17 November 2026.

UNITED STATES MAGISTRATE JUDGE